Estate of Jenny M. Hooper, Deceased, Provident Trust Company of Philadelphia, Executor v. Commissioner.
Estate of Hooper v. Commissioner
Docket No. 112678.
United States Tax Court
1944 Tax Ct. Memo LEXIS 115; 3 T.C.M. (CCH) 973; T.C.M. (RIA) 44298; September 18, 1944
*115 David P. Brown, Jr., Esq., for the petitioner. Paul E. Waring, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: Respondent determined a deficiency in estate tax of $347.97 and petitioner claims an overpayment of $8,750.28. The issues are: (a) the action of respondent in including in the decedent's gross estate the value of certain property with respect to which a general power of appointment was exercised by her will, (b) the correct amount of the deduction allowable against the gross estate for charitable gifts, and (c) respondent's failure to allow an additional amount of $44.27 administration expenses alleged to have been incurred and paid subsequent to the filing of the estate tax return. [The Facts] The facts are stipulated and are so found. Petitioner is the executor of the will of Jenny M. Hooper, deceased, who died a resident of Massachusetts on April 15, 1940. The estate tax return for the estate of petitioner's decedent was filed with the collector of internal revenue at Boston, Massachusetts, on July 12, 1941. Decedent was a daughter of Joseph G. H. Miller, who died a resident of Philadelphia on September 9, 1928, and under whose last will she *116 received a life tenancy in certain property with a general power of appointment to dispose of it by will. In default of exercise of this power of appointment, the will of Joseph G. H. Miller provided that this property be distributed in equal shares to six of his brothers and sisters. the children of any one of such brothers and sisters deceased to receive the parent's share. At the time of the death of the decedent this property with respect of which she held the power of appointment had a value of $101,810.31. Decedent, by her last will and testament, specifically exercised the power of appointment with respect to the aforesaid $101,810.31 in property. Of this property $1,000 was by her will directed to be paid to Trinity Protestant Episcopal Church, Oxford, Philadelphia. The balance of the property she appointed to the individuals who would have received it in the absence of the exercise of the power and in the proportions provided by her father's will, but in the case of three of the six portions, she appointed the share to be held in trust for the designated party for life, with remainder over in each instance to certain designated parties. In computing the net estate of decedent *117 for estate tax purposes, respondent included in the gross estate the value as of the date of the decedent's death of this property with respect to which she held and exercised the power of appointment. Decedent by her will disposed of other property owned by her, other than that with respect to which she held the power of appointment. She gave specific legacies totaliing $7,300, and the will provided: "5. One tenth of the entire amount of my property and estate except the property over which I have a power of appointment under the provisions of the will of my father, after deducting all sums paid for debts, funeral expenses, expenses of administration, and legacy, inheritance and estate taxes, to the following institutions in the following proportions: * * *" The institutions specified under the above bequest were all charitable in character, entitling petitioner to the deduction of the amount passing to them under this provision of the will in determining the net estate of its decedent for the purposes of estate tax. Petitioner in making its final report as executor to the Probate Court at Boston, Massachusetts, computed and reported a net total of $65,547.20 of principal and *118 $2,339.92 of income thereon, of which the aforesaid charities were entitled to 10 per cent under the will of decedent. This computation and distribution were duly approved by that court and payment was made in the sum of 10 per cent of such total to those certain charities in the proportions specified in decedent's will. In determining the deficiency respondent treated the aforesaid gifts to charity as being in an amount of 10 per cent of decedent's residuary estate and computed such estate by reflecting as a deduction the $7,300 in specific legacies given under the will. As to the first issue raised, it is apparent that petitioner is concluded by . In her will decedent did not, as in , merely reiterate or echo the limitation over of her father's will upon default of her exercise of the power of appointment. She specifically exercised that power to dispose of the major portion of the property in a manner distinctly different from that provided by the limitation over. She appointed $1,000 of the total of the property to Trinity Church, which *119 would have taken nothing under the will of her father, thus reducing pro tanto each one of the one-sixth shares provided to go to his brothers and sisters in the absence of her exercise of the power. One-half of the remaining property was appointed in trust in life estates to the individuals who would have received fee estates under the will of her father, and with remainder over to others who would have taken no interest under his will. We sustain respondent's action in including in the gross estate of decedent the total value of the property in respect of which decedent held the power of appointment. With respect to the second issue it is apparent that respondent has erred in not computing the total upon which the 10 per cent representing gifts to charity was to be figured as provided in the will of decedent. The amount to which petitioner is entitled as a deduction in computing the net estate is that part of the principal of the estate which actually passed to the charities in question under the will. This is shown to be 10 per cent of $65,547.20. That the charities in question were entitled to this distribution has been finally determined by the Probate Court and this amount *120 actually distributed. Petitioner is entitled to a deduction of $6,554.72. The stipulation is lacking in any facts bearing on the third issue for the allowance of additional expenses of administration, and petitioner's counsel makes no mention of it in his brief. It is accordingly assumed that this issue is withdrawn. Decision will be entered under Rule 50.